**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio SANCHEZ–JAIMES, Defendant–Appellant.**

**No. 05–40429.**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Nov. 9, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Guillermo Ruben Garcia, Laredo, TX for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Antonio Sanchez–Jaimes (Sanchez) pleaded guilty to one count of reentering the United States without permission after having been deported. As Sanchez's prior deportation followed an aggravated felony conviction, he was subject to the increased penalty provisions of 8 U.S.C. § 1326(b). Sanchez contends that the treatment of felonies and aggravated felonies as sentencing factors under § 1326(b)(1) and (2) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that he should be resentenced subject to the two-year maximum set forth in § 1326(a).

Sanchez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Sanchez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, —— L.Ed.2d —— (2005). Sanchez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.